FILED
NOV 29 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
NOV 14 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL LOUIS PAOLONE #25408-89213  )
UTAH STATE PRISON                    )   CIVIL ACTION NO.
P.O. Box 250, Draper, Utah 84020     )
            Plaintiff,               )
                                     )
V                                    )   September 22, 2005
                                     )
FBI Director Robert Mueller,         )   * Jury Trial Demand *
Unknown Agents of FBI OPR,           )
Special Agent Timothy J. Healy,      )   CASE NUMBER 1:05CV02300
Federal Bureau of Investigation      )   JUDGE: John D. Bates
935 Pennsylvania Ave, Wash, D.C. 20535   DECK TYPE: Pro se General Civil
            Defendants,              )   DATE STAMP: 11/29/2005

## COMPLAINT

**I. INTRODUCTION**

1. This action brought by MICHAEL LOUIS PAOLONE individually for declaratory, injunctive and punative relief under the United States Constitution, Fifth, Sixth and Fourteenth Amendments and 18 U.S.C. § 242 which prohibits the deprevation of rights under color of law.

**II Parties**

2. The plaintiff MICHAEL LOUIS PAOLONE, is a natural person and a resident of Salt Lake County, Utah.

3. Defendant, FBI DIRECTOR ROBERT MUELLER ("Defendant 1") is located at 935 Pennsylvania Ave, Washington, D.C. 20535. Defendant is the current director of the Federal Bureau of Investigation ("FBI")

4. Defendant, UNKNOWN AGENTS OF OPR ("Defendant 2") is located at 935 Pennsylvania Ave, Washington, DC 20535. Defendant is the Office of Professional Responsibility ("OPR") investigator(s) of which discovered plaintiff's rights have been violated.

5. Defendant, SPECIAL AGENT TIMOTHY J. HEALY ("Defendant 3") is located at 935 Pennsylvania Ave, Washington, D.C. 20535. Defendant is the primary actor of which has violated plaintiff's constitutional rights.

## III. JURISDICTION

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331, §1311; §1391; 2860(h). A Federal cause of action arises under the United States Constitution Article III §2 and 18 U.S.C. §242.

7. Venue is proper in the United States District Court For The District of Columbia, as the defendants reside in Washington. D.C. venue is proper in this Court pursuant to 28 U.S.C. §1391.

## IV. FACTUAL ALLEGATIONS

8. Mr Paolone is a prisoner confined in the state of Utah pursuant to a trial in the Second Judicial District Court of Davis County, Case no. 961700208 State v Paolone.

9. Defendant 3, participated in plaintiffs trial as the jury foreperson on June 21, 1996

10. In July of 2003 plaintiff was contacted by Special Agent Michael Anderson of the Provo, Utah field office. Agent Anderson informed plaintiff that his presence was requested by the FBI Headquarters in Washington, D.C.. This request was for Agent Anderson to interview plaintiff concerning the participation of Special Agent Timothy J. Healy (Defendant 3) in plaintiffs criminal trial.

11. On July 24, 2003 inquiry was made with the FBI Main Records Division concerning obtaining Agent Andersons report of the contact with plaintiff. Then section supervisor Robert J. Garrity Jr, agreed to make inquiry with FBI Headquarters concerning the matter.

12. On August 22, 2003 response was recieved by section supervisor Robert J. Garrity Jr from the FBI Main Records Division. Mr Garrity was able to determine that an investigation had taken place by the FBI Internal affairs section, office of Professional Responsibility. The investigation targeted defendant 3, Special Agent Healy who had participated in plaintiffs trial as a juror and jury foreperson.

13. In light of FBI policy concerning active investigatory agents serving on civil or criminal juries, the OPR inquiry asked how the agent had came to be summoned for jury duty. As the agents assignment shortly prior to plaintiffs trial was not within the state of Utah, but in Jordan, Montana.

14. Section Supervisor Garrity had been able to determine that the investigation had revealed inappropriate procedures during the trial of which the agent participated in.

15. The specifics of the investigation were that the Agent (defendant 3) was not called for jury duty, the agents wife had been the summoned juror by the court.

during the agents presence in the courtroom for the purpose of getting his wife excused from jury duty. Through arrangement with the trial judge, defendant 3 was placed within the jury pool, and neither the Agent, nor trial judge disclosed what had been done.

16. At the time of trial the Agent's office of attachment in SLC, Utah had active warrant for plaintiff as well as participated in the pursuit and apprehension pursuant a stand off in Garden City, Idaho.

17. At the time of trial a second investigation was pending from plaintiffs home state Ohio, by the Cleveland, Ohio field office, this office was in current communication with the SLC office.

18. The facts of the manipulation of plaintiffs criminal jury by the Agent and Judge were known by the OPR investigators and Director Robert Mueller and never disclosed to plaintiff.

19. Attempts were made to obtain the OPR file in late 2004 through now Supervisory Agent in Charge Robert J. Garrity, Jr, who heads the Jackson, Mississippi field office. Mr Garrity directed the plaintiff to the FBI FOIA Unit for the request, the FBI FOIA determined that the file is protected as internal an can only be accessed if the target of the investigation (i.e. defendant 3) consented to its release.

20. Defendant 3 was contacted and requested to release the OPR file for use in pursuing ineffective assistance of counsel in plaintiffs criminal case. No information was provided as to what SAC Garrity had disclosed concerning the OPR file, the Agent (defendant 3) denied request to authorize release of the OPR file. Requests were made as well to FBI Director Robert Mueller, also resulted in no response.

21. On December 22, 2004 Plaintiff contacted SAC Robert J. Garrity concerning the unavailability of the file and Agent Healys obfuscation of the information. Plaintiff recieved on January 03, 2005 a written statement by SAC Robert J. Garrity Jr, confirming his disclosure and facts of the disclosure of which are contained within the FBI protected files. As such, serving as a credible source of the information contained with the FBIs Main Records and OPR records (ATTA)*

22. In early 2005 Mr Colin Winchester, of which is the Director of the Utah Judicial Conduct Commission (UJCC), contacted SAC Robert Garrity, Jr and defendant 3, both confirmed that the events had occurred, with Defendant 3 corroborating his own involvement.

23. Mr Winchester contacted Mr Keith Hamilton, a current Utah Board of Pardons Member, then plaintiffs counsel and disclosed the findings of his inquirys in the matter.

24. On November 04, 2005 plaintiff recieved confirmation in written form directly from Mr Winchester of these facts as developed by the UJCC inquiry.

V. LEGAL CLAIMS

 COUNT ONE: Defendants have violated plaintiffs clearly established and clearly defined constitutional protections pursuant to the United States Constitution under Bivens v Six Unknown Agents 403 US 388 (1971); Carey v Piphus, 435 US 247 (1978)

25. Fifth Amendment Protections; Sixth and Fourteenth Amend. The defendants have deprived plaintiff of protections afforded to him pursuant to the United States Constitution's Fifth, Sixth

and Fourteenth Amendments. Specifically, as to Defendant 3, this defendant a Federal investigative agent was well aware of these clearly defined and clearly established constitutional protections, namely due process protections and right to fair and impartial trial. Defendant 3 was also well aware that decisional law supported the existence of these rights as well as under preexisting law, the defendant would have understood the acts were unlawful.

26. As to Defendants 1 and Defendants 2, these defendants, the <u>first</u> responsible for Agents training and supervision, had been advised by the OPR investigation that plaintiffs clearly established and clearly defined constitutional protections, namely due process protections and right to fair and impartial trial, had been breeched by one of its agents. The defendant was aware that decisional law supported the existence of these rights, as well as under preexisting law, the defendant would have understood the acts were unlawful.

27. The second, these defendants were directly responsible for the uncovering of the violation of plaintiffs constitutional protections of which were clearly defined and clearly established, namely due process protections and right to fair and impartial trial. These defendants were aware that decisional law supported the existence of these rights, as well as under preexisting law, the defendant would have understood the acts were unlawful.

28. Defendants have denied plaintiff of the exercise of constitutional protections in the criminal prosecution of which currently restrains plaintiff. Defendants did so under the color of federal law and utilized their positions as Federal Law Enforcement officials to obfuscate the actions for a period of 10 years.

COUNT TWO: Defendants have caused the deprivation of rights under color of law, in violation of laws of the United States;

29. Defendants of which are two or more have conspired to oppress plaintiffs free exercise and enjoyment of rights and priviledges secured to plaintiff by the United States Constitution and laws of the United States, 18 U.S.C. § 241.

30. Defendants willfully subjected plaintiff, under the color of law and regulation to the deprevation of rights and priviledges secured and protected by the Constitution and Laws of the United States.

VI. PRAYER FOR RELIEF

31. Based on the foregoing Mr. Paolone requests that the Court find that defendants have violated his constitutional and civil rights.

(A) Declare that defendant 3 has unlawfully interfered with the exercise of constitutional protections during plaintiffs criminal trial.

(B) Declare that defendants 2 and 3 have unlawfully assisted in the obfuscation and concealment of the violation of plaintiffs constitutional protections.

(C) Enter an order, instructing FBI Director Robert Mueller to contact the Utah State Attorney General that FBI officials have participated in the violation of plaintiffs constitutional rights during a state criminal trial in case no. 961700208.

(D) Enter an order instructing FBI Director Robert Mueller to make formal request of the Utah Board of Pardons to release plaintiff on parole pending post conviction proceedings.

(E) Award punitive damages to plaintiff follows, per defendant as follows; Defendant 1 ł 2; $250,000 or as a jury awards

Defendant 3; $750,000 or as a jury awards

* Defendants are sued in their official and individual capacity *


(original Signature in BLue)    _____ 11-07-05
PLAINTIFF ATTORNEY PRO SE
MICHAEL LOUIS PAOLONE  25408-89213
UTAH STATE PRISON
P.O. Box 250, Draper UT 84020


CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been mailed, postage pre-paid to the following;

United States District Court
District of Columbia
ATTN: NANCY MAYER-WHITTINGTON, CIERK
333 Constitution Ave, NW
Washington, DC. 20001

This 7Th Day of November 2005

_____ 11-7-05
Plaintiff Attorney Pro Se



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

Suite 1553, Federal Office Building
100 West Capitol Street
Jackson, Mississippi 39269-1601
December 29, 2004

Mr. Michael L. Paolone
Inmate Number 25408
Inmate Housing UINTA 2 - 104B
Utah State Prison
P. O. Box 250
Draper, Utah 84020-0250

Dear Mr. Paolone:

    Reference is made to your most recent letter to me, dated December 22, 2004, requesting me to serve as a credible source of information about information contained in Federal Bureau of Investigation (FBI) official records.

    Also enclosed is a copy of my last letter to you, dated September 20, 2004, which was returned to this office as undeliverable. It was addressed to you at the Severe County Jail, the address you provided me.

    I am not sure where this imaginative quest of yours is leading, but you seem to disregard the fact that you have made a number of inconsistent allegations against an FBI Agent, all of which proved unfounded. Now, you are apparently grasping at a shred of information that I told your father in a telephone call.

    You seem to have conveniently discarded your previous assertions that you are entitled to a new trial because an FBI Agent should never have served on your jury, as he knew you and was biased against you. The fact is, the FBI Agent did not know you before he served on the jury.

    You also asserted that this same FBI Agent had a grudge against you and that he previously investigated you, both as an FBI Agent and as a police officer in Ohio. The fact is, this FBI Agent has never investigated you nor was he ever a police officer in Ohio.

    The allegations you made against this FBI Agent were properly investigated by the FBI and determined to be unfounded and without merit.

05 2300

FILED

NOV 29 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ATTACHMENT #1

You now come forward again and ask me to confirm a statement I made to your father, that the facts of the investigation determined that the FBI Agent was not originally called for jury duty, but was in the courtroom for the sole purpose of having his wife, who was called, excused from jury duty. The judge, in excusing the FBI Agent's wife, required the FBI Agent to take her place in the jury pool instead.

I confirm by this writing that I made that statement to your father.

As I stated in my last letter to you, I do not understand the issue you are trying to raise. It is my understanding that the FBI Agent was seated in the jury pool at the beginning of the jury selection *voir dire* process, and that your lawyer not only did not exercise a peremptory challenge to exclude him, but admitted later that he deliberately included him on the jury. Your lawyer referred to the Agent in open court and stated that he purposely selected him because he wanted a member of the jury who was knowledgeable about criminal law. That was a conscious decision reached by your legal counsel, based on his judgment of the facts and circumstances of your case. It may have been a risk, but it was at least a calculated risk intended to assist you in your defense.

That being the case, it appears to me that so long as the Court determined that all members of the jury were disinterested and impartial, and you were represented by competent counsel, the fact that one member of the jury was a professional law enforcement officer would not necessarily have any ramification on your conviction.

Sincerely yours,

Robert J. Garrity, Jr.
Special Agent in Charge

2