ATTORNEY PRO SE
MICHAEL L. PAOLONE 25408-89213
C.U.C.F. P.O. Box 550
GUNNISON, UTAH 84634

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| MICHAEL LOUIS PAOLONE, ) | MOTION FOR COURT ORDER FOR |
| Plaintiff, ) | PROPER SERVICE ADDRESSES OF |
| v ) | DEFENDANTS |
| ) | |
| FBI DIRECTOR ROBERT T. MUELLER, et al., ) | |
| Defendants, ) | CIVIL ACTION NO. 05-2300 (JDB) |

---

Plaintiff, MICHAEL L. PAOLONE, respectfully moves for and order from this HONORABLE court, requiring proper service address to be provided to the clerk of court for service pursuant to F.r.C.p. 4(i) et seq. in defendants individual and official capacity.

Plaintiff, a pro se prisoner brings this __BIVENS__ action against defendants Robert T. Mueller, Special Agent Timothy J. Healy and, Unknown OPR investigators. Plaintiff has sued each of these federal defendants in their official as well as their individual capacities. Pursuant to recent pleadings filed by defendants it has been made apparent that several conditions exist as to service:

(A) As to defendant Mueller; service has been effected as to his official capacity, no service has been effected as to his individual capacity in compliance with F.r.C.p. 4(i)(2)(B)

(B) As to defendant Healy; service has not been effected as to his official or individual capacity in compliance with F.r.C.p. 4(i)(2)(a;b).

SERVICE OF PROCESS

Plaintiff, filed civil action with this court in the current matter in

RECEIVED
MAR 16 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

November of 2005, subsequently this court granted plaintiffs in forma pauperis status on November 29, 2005. The same day, clerk of court forwarded to plaintiff the order entered in the court (docket no. 4) as well as instructions regarding service, of which stated the following;
 "preparation and execution of summons will be the responsibility of the court, not the litigant, when the court grants in forma pauperis status"
(n:\Forms\NewCase Instructions - Non-Prisoner 02070S)

On December 06, 2005 this court entered an order instructing plaintiff to provide the court with addresses of all defendants (docket No. 5). On December 16, 2005 plaintiff contacted Nancy McGann of the Federal Bureau of Investigation (FBI) Litigation Unit. Ms McGann was advised of the need for proper service address per order of the court, of defendants Mueller, Healy and FBI in general. Plaintiff was advised that ALL defendants are to be served at the following service address:
   Federal Bureau of Investigation, 935 Pennsylvania Avenue, N.W, Washington D.C. 20001
and no further addresses would be supplied for any of the defendants identified.

Plaintiff submitted this information into the court as requested in the December 06, 2005 order. On January 31, 2006, this court entered order stating that defendant Healy had not been served and again proper service address was required (docket no. 12). Accordingly, on Febuary 3, 2006 plaintiff again contacted the FBI Litigation Unit and again, nearly verbatim, he was instructed concerning service of all defendants, as in the December 16, 2005 contact to the same. On Febuary 8, 2006, plaintiff submitted to the court the service address provided by the FBI as well as the 2 surrounding offices in the Washington, D.C. Metro and Baltimore, MD area, of the FBI.

Plaintiff submits to this court that defendants recent pleadings requesting enlargement of time, makes clear that ALL defendants are aware of action filed against them in both their official and individual capacities. Moreover, defendants are aware that further judicial resources will likely be spent to cure service concerns, it would seem that the defendants could conserve judicial resources pursuant to F.r.C.p. 4(d) and simply resolve service issues.

The trend of courts to move away from reliance on techicalities in the service of process, and place greater emphasis on actual notice is growing, especially when governmental entities are involved.

see; Henderson v United States, 517 US 654, 134 L.ed.2d 880, 116 S.ct 1638, 1643-44, 34 Fed R. Serv 3d 901 (1996); Morse v Elmira Country Club, 752 F.2d 35, 40 Fed R. Serv 2d 573 (2nd Cir. 1984); Baker v Latham Sparrowbush Assoc, 72 F.3d 246, 255 (2nd Cir. 1995).

Where service requirements serve no purpose other than to make suing the entity more difficult, the requirements may be disregarded in 42 U.S.C. §1983 issues, and indeed in other federal questions, where federal law might be frustrated. see; Thomas v Yonkers Police Dept, 147 FRD 77 (SDNY 1993) (and cases cited) see also; Tetra Technology v Harter, 823 F. Supp 1116 (SDNY 1993). Plaintiff respectfully requests this courts assistance in curing service concerns in official and individual capacity matters as soon as practicable. Plaintiff, has no objections regarding defendants motion for enlargement of time.

Respectfully Submitted,

MICHAEL LOUIS PAOLONE
ATTORNEY PRO SE

CERTIFICATE OF SERVICE

I certify that I caused copies of the foregoing Motion For Court Order For Proper Service Addresses of Defendants served by first class mail upon the following:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC       20001

JOHN HENAULT
ASSISTANT UNITED STATES ATTORNEY
JUDICIARY CENTER BUILDING
555 4th St, N.W.
WASHINGTON, D.C. 20530

On this 11Th day of March 2006

_____
MICHAEL LOUIS PAOLONE
ATTORNEY PRO SE