UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL PAOLONE | ) |
| Plaintiff, | ) Civil Action No.: 05-2300 (JDB) |
| v. | ) |
| ROBERT MUELLER, *et al.*, | ) |
| Defendants. | ) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S SERVICE REQUEST

Federal Defendant[1] Robert Mueller, in the above-captioned case hereby opposes plaintiff's request that service for the federal defendants, sued in their official and individual capacity, be deemed perfected in this case and furthermore, requests dismissal from the case in his individual capacity. The United States Attorney's Office for the District of Columbia <u>does not</u> and <u>will not</u> accept service on behalf of the individual federal defendants in this case. Additionally, the United States Attorney's Office for the District of Columbia does not agree to any waiver of service in this matter.

Plaintiff filed his complaint on November 29, 2005. On December 6, 2005, this Court ordered plaintiff to provide current addresses for the individually-named defendants by January 6, 2006 or face dismissal of the case against the defendants. The Court issued a second order directing plaintiff to provide the full name and address of the party identified as Timothy Healy

---

[1] In response to plaintiff's motion, Federal Defendant Robert Mueller appears in his official capacity only. He has not been served personally so he does not appear as a party in his personal capacity at this time and he should be deemed to preserve all defenses available to him, including insufficiency of service of process and immunity from suit. Additionally, plaintiff has failed to serve Special Agent Timothy Healy in either his official or individual capacity and thus Agent Healy is not a party to this suit at this time.

on January 30, 2006. Plaintiff has failed to provide those addresses and therefore, the case should be dismissed at this time. To date, federal defendant Mueller has never been served in his individual capacity. Federal defendant Healy has not been served at all - in either his official or individual capacity.

Rule 4(i) outlines the requirements for service when the United States, its agencies, corporations, officers, or employees have been sued. Where an individual government employee has been sued, whether in an individual or official capacity, or both, service is effected only when a copy of the summons and complaint has been delivered on (1) the officer or employee; (2) the United States Attorney for the district in which the action is brought; and (3) the Attorney General of the United States at Washington, District of Columbia. Specifically, Rule 4(i) states:

> **(i) Serving the United States, Its Agencies, Corporations, Officers or Employees.**
>
> (1)  Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.
>
> (2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and also by sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.
>
> (2)(B)  Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States - whether or not the officer or employee is sued also in

an official capacity - is effected by serving the United States in the manner prescribed by Rule 4(i)(1) **and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).**

Additionally, it is well-established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must also be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) requires that a copy of a summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.

Plaintiff has not satisfied the requirements of Rule 4(i) because he has not served the federal defendants with a copy of the summons and complaint at their dwelling house or usual place of abode. Id.

Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-named defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980). The service of process thus being defective as to the defendants in their individual capacity, this action cannot proceed against them personally. Micklaus v. Carlson, 632 F.2d 227, 240 (3rd Cir. 1980); Griffith v. Nixon, 518 F.2d 1195, 1196 (2d Cir. 1985), cert. denied, 423 U.S. 995 (1975).

Furthermore, plaintiff has not satisfied the time limit for service requirements of Rule 4(m). Unless plaintiff properly serves the individual defendants by March 29, 2006 (a mere 5 days from now), plaintiff will have failed to serve the federal defendants with a copy of the summons and complaint at their place of employment via registered or certified mail within 120

days after the filing of the complaint as required by law.  See docket entry [1].  Plaintiff cannot show good cause why service has not been executed on the federal defendants.  Therefore, federal defendants should be dismissed from this case without prejudice.  Specifically, Rule 4(m) states:

> (m) If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Where service of process is insufficient, any judgment in the case would subsequently be invalid because the court lacks jurisdiction over the parties, and therefore, has no power to enter a judgment.  Mobern Elec. Corp. v. Walsh, 197 F.R.D. 196, 198 (D.D.C. 2000); see also Combs v. Nick Garin Trucking, 825 F.2d 437, 441 n. 31 (D.C. Cir. 1987).

Therefore, because defendants have not been properly served in their individual capacity (and official capacity for defendant Healy), plaintiff's request to circumvent the Rule 4 requirements for service of process should be denied and the case against the federal defendants should be dismissed.

Respectfully submitted,

\_\_\_/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_\_/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 307-1249

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of March, 2006, I caused the foregoing motion to be served on plaintiff *pro se*, postage prepaid and addressed as follows:

Michael Paolone
# 25408-89213
CENTRAL UTAH CORRECTIONAL FACILITY
P. O. Box 550
Gunnison, UT 84634-0550

\_\_\_/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney