ATTORNEY PRO SE

MICHAEL L. PAOLONE # 25408-89213

UTAH STATE PRISON

PO BOX 250

DRAPER, UTAH 84020

RECEIVED CLERK

[ ]

U.S. DISTRICT COURT FILED COURT

IN THE UNITED STATES DISTRICT COURT ; DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |  |
|---|---|---|
| MICHAEL L. PAOLONE,<br>        Petitioner,<br><br>v.<br><br>CLINT FRIEL, WARDEN,<br>ATTORNEY GENERAL MARK SHURTLIFF,<br>        Respondent(s), | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Application For Habeas Corpus<br>Under 28 USC § 2254<br><br>**Judge Tena Campbell**<br>**DECK TYPE: Civil**<br>**DATE STAMP: 12/20/2005 @ 15:16:41**<br>**CASE NUMBER: 2:05CV01050 TC** |

1. NAME AND LOCATION OF COURT WHICH ENTERED THE JUDGEMENT OF CONVICTION ATTACKED ;
Second Judicial District Court of Davis County, 800 W. STATE, FARMINGTON, UTAH

2. DATE OF JUDGEMENT OF CONVICTION : 8-14-1996  CASE NO. 961700208

3. LENGTH OF SENTENCE : 1-15 years  CONSECUTIVE TO NOW EXPIRED 0-5 year sentences
      Date start of current sentence  8-14-2001

4. NATURE OF OFFENSE (ALL COUNTS)
      0-5      0-5      0-5      ALL 0-5 expired.
   Forcible Sexual Abuse  Arson, THEFT, Forgery

5. WHAT WAS YOUR PLEA : NOT GUILTY

6. KIND OF TRIAL : JURY

7. DID YOU TESTIFY : Yes

8. DID YOU APPEAL THE CONVICTION : DEFENSE ATTORNEY FAILED TO FILE APPEAL, AS ASKED TO
                                   DO, NO.

9. OTHER THAN DIRECT APPEAL FROM THE JUDGEMENT OF CONVICTION OF SENTENCE  HAVE YOU
   FILED ANY PETITIONS, APPLICATIONS, OR MOTIONS WITH RESPECT TO THIS JUDGEMENT
   IN ANY COURT STATE OR FEDERAL : YES

10. IF YOUR ANSWER WAS YES PLEASE PROVIDE THE FOLOWING INFORMATION :



-1-

NAME OF COURT : SECOND JUDICIAL DISTRICT COURT OF DAVIS COUNTY

NATURE OF PROCEEDING : POST CONVICTION   2-27-97   CASE NO. 970700092

GROUNDS RAISED : (1) Conviction obtained pursuant to unlawful arrest, (2) Denial of
effective assistance of counsel, (3) Conflict of interest between trial counsel and defen-
dant, (4) Conviction obtained as a result of insufficient evidence, (5) Conviction
obtained as a result of perjurious testimony, false and fabricated police statements,
use of inadmissible evidence, (6) Prosecutorial misconduct, (7) Use of inadmissible
hearsay evidence and the states failure to disclose exculpatory evidence to the defendant,
(8) vouching for the truthfulness and credibility of states witness, (9) Criminal police
misconduct to deprive and violate petitioners constitutional rights, (10) Trial counsels
failure to file timely notice of appeal, (11) Juror Misconduct and Jury Tampering.


11. DID YOU RECIEVE ON EVIDENTIARY HEARING ; YES

12. RESULT : Two out of 11 grounds were certified for evidentiary hearing, volunt-
aryness of plea and whether counsel was ineffective by failing to appeal. The
court decided that counsel was effective and that the notice of appeal filed in
a letter form by defendant prior to sentencing was withdrawn by counsel during
a plea hearing on unrelated cases.

13. DATE OF RESULT : 8-10-1998   Hearing held : 6-25-98


(b) AS TO ANY SECOND PETITION ;


14. NAME OF COURT : UNITED STATES DISTRICT COURT ; DISTRICT OF UTAH

15. NATURE OF PROCEEDINGS ; § 2254   11-2-2000   CASE NO. #00-CV-787

16. GROUNDS RAISED : SAME AS ABOVE  (1-11)

17. DID YOU RECIUE EVIDENTIARY HEARING ; NO   RESULT : AEDPA Time Bar


(c) AS TO ANY THIRD PETITION ;


18. NAME OF COURT : SECOND JUDICIAL DISTRICT COURT OF DAVIS COUNTY

19. NATURE OF PROCEEDINGS : Post Conviction   8-10-2001   CASE NO. 010700442

20. GROUNDS RAISED : (1), That Juror Timothy J. Healy personally knew petitioner
and proffered dishonest answers during the courts voirdire of prospective jurors
to place himself on the jury with the intent to find petitioner guilty, (2) That juror
Timothy J. Healy was not a member of Davis County in order to serve on the petit-
ers jury, (3) Ineffective assistance of counsel.

21. DID YOU RECIUE AN EVIDENTIARY HEARING : NO


(d) AS TO ANY FOURTH PETITION ;

22. NAME OF COURT: Second Judicial District Court of Davis County

23. NATURE OF PROCEEDINGS: Postconviction    7-19-2002   CASE NO. 020700352

24. GROUNDS RAISE: (1), The Utah State Attorney Generals Office has committed extrinsic fraud against petitioner and this court to deny petitioners statutory right to appeal the conviction in case no. 961700208, (2) Respondent has misled the court as to trial counsels actions pertaining to notice of appeal by petitioner acting pro se, (3) Trial counsel proffered to the district court that he did not withdraw petitioners notice of appeal, that petitioner preserved his right to appeal, but the trial court takes no action to rectify the due process violation of petitioners constitutional rights.

25. DID YOU RECIEVE AN EVIDENTIARY HEARING: NO

(e) AS TO ANY FIFTH;

26. NAME OF COURT: Second Judicial District Court of Davis County

27. NATURE OF PROCEEDINGS: Post Conviction   1-28-2005   CASE NO. 050700051

28. GROUNDS RAISED: (1) Trial Judge Michael Allphin permitted and facilitated the inclusion of juror Timothy J. Healy who had not been randomly drawn from Master Jury lists in accordance with Utah Judicial Code §78-46 et seq. This action has violated petitioners constitutional protections pursuant to United States Constitution Article VI and Article XIV as well as Utah Constitution, Section 7, and Article I, Section 10.

(2) Trial judge Michael Allphin permitted and facilitated the addition of juror Timothy J. Healy to the qualified jury list in violation of Utah Judicial Code §78-46 et seq. This action has violated petitioners constitutional protections pursuant to United States Constitution Article VI and Article XIV as well as Utah Constitution Section 7, and Article I, Section 10.

(3) Trial judge Michael Allphin has abused discretion in the previous claims (1) and (2) as well as abused descretion by witholding facts improperly, in relation to juror Timothy J. Healy's qualifications for jury duty of which these facts were unknown to the petitioner at the time of trial. These actions and inactions have denied and violated petitioners constitutional protections pursuant to United States Constitution Article VI and Article XIV as well as Utah Constitution, section 7, Article I, section 10.

(4) Juror Timothy J. Healy has improperly witheld facts relating to his qualifications, of which these facts were unknown to petitioner at the time of trial. These actions are in violation of Utah Judicial Code §78-46-12(5) and have violated petitioners constitutional protections pursuant to United States

constitution Article VI and Article XIV as well as Utah Constitution, Section 7, and Article I, Section 10.

(5) Clerk of count Carol Frazier has improperly permitted the manipulation of petitioners jury selection process in violation of Utah Judicial Code 878-46 et seq. This action has resulted in the violation of petitioners constitutional protections pursuant to United States Constitution Article VI and Article XIV as well as Utah Constitution Section 7, and Article I, Section 10.

(6) Trial Judge Michael Allphin continued to improperly withold facts relating to Juror Timothy J. Healy's qualifications during a 2002 post conviction challenge to Timothy J. Healys qualifications for jury duty. This action has furthered violation of petitioners constitutional protections pursuant to United States Constitution, Article VI and Article XIV as well as Utah Constitution, Section 7, Article I, Section 10.

(7) Trial counsel Donn Redd has provided ineffective assistance of counsel through the failure to ask any questions of juror Timothy J. Healy during voir dire with the knowledge of jurors active employment as an FBI investigator who's office had active warrants at the time of trial.

(8) Trial counsel Donn Redd has provided ineffective assistance of counsel by failing to investigate the FBI involvement into petitioners cases before the court.

(9) Trial Court Michael Allphin participated in ex-parte communications with juror Timothy J. Healy without the presence of petitioner, petitioners counsel or Davis County District Attorney.

(10) Trial court judge Michael Allphin failed to present this ex-parte communication to petitioners defense counsel, petitioner or Davis County District Attorney.

(11) Trial judge Michael Allphin failed to disclose this information concerning the ex-parte communication during voir dire or any other point during trial improperly withholding information relating to the jurors qualifications to be on the jury.

(12) Trial court judge Michael G. Allphin abused discretion in the improper selection process of a bystander juror exercising official discretion by a court officer in the selection of Juror Timothy J. Healy.


29. DID You Recieve evidentiary hearing '; NO


30. DID You APPEAL TO THE HIGHEST STATE COURT HAVING JURISDICTION?

## NEW CLAIM SUCCESSIVE PETITIONS

Although the respondent has not been afforded an opportunity to raise a successive petition defense, nor has the court SUA SPONTE had opportunity to do so. Petitioner finds it prudent to address this subject somewhat prematurely to assist in providing as much information to the court at the outset of the petitions consideration. As petitioner understands the current state of the law, the claims within the instant petition are not classifiable as successive. Thus not requiring authorization to proceed under 28 USC § 2244(b)(3) and (4); Rule 9 of the rules governing section 2255 proceedings (as amended, effective December 1, 2004). Nor requiring transfer to the court of appeals pursuant to 28 USC §1631; Abdur' Rahman v Bell, 537 US 88, 92 n.7 (2002).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), new claim successive federal habeas corpus petitions — i.e., petitions raising claims that were not presented in the prisoners prior habeas corpus petition, were filed in the same manner and court as any other habeas corpus petition. The state had the burden of claiming, as a defense, that the petition constituted an abuse of the writ because it was successive. McCleskey v Zank, 499 US 467, 494 (1991) (" [w]hen a prisoner files a second or subsequent application [for a writ of habeas corpus], the government bears the burden of pleading abuse of the writ."). In this regard, the abuse of the writ doctrine functioned as a classic affirmative defense. As the moving party, the petitioner bore no burden unless the responding party invoked the defense and proved that it applied because the petition was successive. Only if the state satisfied this pleading and proof burden, did the burden revert to the petitioner to disprove abuse by making an adequate showing of

(i)

## current PETITION

Petitioner submits to the court that the current claims are not classifiable as successive pursuant to the second situation previously discussed. Petitioner in 2000 filed application for writ of Habeas Corpus in case no. 00-CV-787 with this court, of which the court dismissed as time barred pursuant to AEDPA provisions. However, this petitions claims could not have produced judgement on the merits of the claims presented in the current petition before the court. The events of which gave rise to the latter application did not occur until after the conclusion of the earlier habeas proceeding. As these events are described in detail within the attached memorandum (preliminary statement; Factual Predicate; OPR File; Judicial Conduct Commission) petitioner summarizes the matter by synopsis.

Petitioner filed with this court application for habeas corpus in year 2000, the facts and events giving rise to the claims, occurred in late 2003 and were formally verified in early 2005. Even the last state filing prior to the 2005 filing, occurred in 2002, none of the facts or current claims surrounding those facts occurred prior to even the conclusion of the 2000 petition in this court.

The courts ruling in Martinez-Villareal ratifies the decisions of the lower courts which had come to the same conclusion with respect to pre-AEDPA and AEDPA's section §2244(b) (For a survey of pre-Martinez-Villareal caselaw on these issues, see; JAMES S. LEEBMAN & RANDY HERTZ, Federal Habeas Corpus Practice and Procedure §28.36 nn-36-37 (3rd ed 1998). In its subsequent decision in Slack v McDaniel, 529 US 473 (2000), the Supreme Court made clear that Martinez-Villareal's analysis applies equally to cases covered by AEDPA and pre-AEDPA law, see id at 486,

("applying Martinez-Villareal's rule to case subject to pre-AEDPA rules for successive petitions, while (i) noting that "we do not suggest the definition of second or successive [employed by Court in this pre-AEDPA context] would be different under AEDPA., and (ii) pointing out that Martinez-Villareal "us[ed] pre-AEDPA law to interpret AEDPA's provision governing "second or successive habeas applications") id at 488-89 (relying on both pre-AEDPA and post AEDPA lower court decisions to determine how Martinez-Villareal bore on pre-AEDPA scenario under consideration by Court).

Petitioner submits to the court that the current claims before this court are not successive, nor do they abuse the Writ of Habeas Corpus, petitioner respectfully requests review of the current claims by this court.

(iiii)

1. FIRST PETITION: UTAH COURT OF APPEALS    CASE NO. 98 1441 CA

UTAH SUPREME COURT CERTIORARI : NO

2. SECOND PETITION: TENTH CIRCUIT COURT OF APPEALS

COA DENIED

3. THIRD PETITION: UTAH COURT OF APPEALS  CASE NO. 2002-0466

UTAH SUPREME COURT CERTIORARI : NO

4. FOURTH PETITION: UTAH COURT OF APPEALS : NO

UTAH SUPREME COURT CERTIORARI : NO

5. FIFTH PETITION : UTAH COURT OF APPEALS : Yes   CASE NO. 2005-0913-CA (pending)

UTAH SUPREME COURT CERTIORARI : Direct APPEAL STILL PENDING


31. IF YOU DID NOT APPEAL FROM THE ADVERSE ACTION ON ANY PETITION, APPLICATION

OR MOTION, EXPLAIN WHY YOU DID NOT ;  FIRST : Trial court would not provide record for Cert ;

application, direct appeal pursued ;

FOURTH PETION : Futility and Frustration


32. STATE CONCISELY EVERY GROUND ON WHICH YOU CLAIM THAT YOU ARE BEING HELD

UNLAWFULLY, SUMMARIZE BRIEFLY THE FACTS SUPPORTING EACH GROUND :


(A) GROUND ONE: PETITIONER HAS BEEN DENIED FAIR AND IMPARTIAL TRIBUNAL

IN VIOLATION OF THE UNITED STATES CONSTITUTION PURSUANT TO:

(a) Article V prohibition of being deprived life, liberty or property without

due process of law ; and

(b) Article VI protections to speedy and public trial by an impartial jury of

the state ; and

(c) Article XIV protections that no state shall deprive any person of life,

liberty, or property without due process of law.


POINT ONE: The trial courts departure from mandatory jury selection

procedure has affected the fundamental fairness of the

proceedings and violated petitioners constitutional protec-

tions to fair and impartial jury, pursuant to the U.S. Con-

stitution.

POINT TWO: The trial courts ex-parte communication with an empaneled

juror affected the fundamental fairness of the proceedings.

POINT THREE: The willing participation of a federal Law Enforcement Official

in the breeching of petitioners constitutional protections

has affected the fundamental fairness of the proceedings.

POINT FOUR: The exercise of official discretion in the selection of the

jury affected the fundamental fairness of the proceedings,


✳ SEE ATTATCHED MEMORANDUM IN SUPPORT ✳

(b) GROUND TWO: PETITIONER HAS BEEN DENIED EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO THE UNITED STATES CONSTITUTION ARTICLE VI PROTECTIONS TO THE ASSISTANCE OF COUNSEL AND ARTICLE XIV DUE PROCESS PROTECTIONS.

POINT ONE: TRIAL COUNSEL Don Redd has provided ineffective assistance of counsel through the failure to ask any questions of Juror Timothy J. Healy with knowledge of jurors active employment as an FBI investigator who's office had active warrant for petitioner at the time of trial.

POINT TWO: TRIAL counsel Don Redd has provided ineffective assistance of counsel through the failure of counsel to conduct any Investigation into the FBI involvement in petitioners trial and court cases.

✻ SEE ATTACHED MEMORANDUM IN SUPPORT ✻

33. ALL CLAIMS WERE PRESENTED TO THE STATE COURTS

34. DO YOU HAVE ANY PETITION OR APPEAL NOW PENDING IN ANY COURT, EITHER STATE OR FEDERAL COURT AS TO THE JUDGEMENT UNDER ATTACK :
✻ UTAH COURT OF APPEALS CASE NO. 2005-0913 ✻

35. GIVE THE NAME AND ADDRESS , IF KNOWN OF EACH ATTORNEY WHO REPRESENTED YOU IN THE FOLLOWING STAGES OF THE JUDGEMENT UNDER ATTACK:
(A) PRELIMINARY HEARING : NONE HELD
(B) ARRAINGNMENT AND PLEA : DON S. REDD , 44 NORTH MAIN , LAYTON , UTAH 84041
(C) AT TRIAL : SAME
(D) AT SENTENCING : SAME
(E) ON APPEAL : NEVER FILED BY COUNSEL
(F) ON ANY POST CONVICTION PROCEEDING : (Fifth Petition) Keith N. Hamilton , P.O. 95351, W. Jordan
(G) ON APPEAL FROM ANY ADVERSE RULING : —

36. WERE YOU SENTENCED TO MORE THAN ONE INDICTMENT : Yes
ORIGINAL sentence , three 0-5 concurrent , consecutive to 1-15 (current sentence)

37. NO SENTENCES ARE LEFT REMAINING TO SERVE AFTER CURRENT.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I certify under penalty of purjury that the forgoing Is true and correct

ORIGINAL SIGNATURE
IN BLUE.

Petitioner Attorney Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the

following documents ;

(A) Application To Proceed Without Pre-Payment of Fee's

(B) Motion For Appointment of Counsel

(C) Order of Appointment of Counsel

(D) Application For Habeas Corpus Under § 28USC § 2254

(E) Memorandum In Support of Petition For Habeas Corpus

(F) Exhibits A through F


To the following ;

                United States District Court
                District of Utah
                Frank E. Moss Courthouse
                350 South Main Street
                ATTN: Clerk of Court
                Salt Lake City, UT  84101


This  10Th  Day of  December    2005


                        _____
                             ATTORNEY Pro Se

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

RECEIVED CLERK

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

MICHAEL L. PAOLONE

**DEFENDANTS**

WARDEN CLINT FRIEL

DEC. 1 4 2005

U.S. DISTRICT COURT

**(b)** County of Residence of First Listed Plaintiff  Salt Lake County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SALT LAKE COUNTY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

MICHAEL L. PAOLONE, UTAH STATE PRISON, P.O. BOX 250, Draper, Utah

Attorneys (If Known)

UTAH ATTORNEY GENERAL MARK SHURTLEFF

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USCA §2254

Brief description of cause:
HABEAS CORPUS PETITION

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):
JUDGE

DOCKET NUMBER

DATE

12-10-05

SIGNATURE OF ATTORNEY OF RECORD

*Michael L. Paolone*   ORIGINAL SIGNATURE

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP

Judge Tena Campbell
DECK TYPE: Civil
DATE STAMP: 12/20/2005 @ 15:16:41
CASE NUMBER: 2:05CV01050 TC