QUICK PRINT    PRINT    EMAIL    OTHER

**Paolone v. State**

Not Reported in P.3d, 2006 WL 61935

Utah App.,2006.

Jan 12, 2006 (Approx. 1 page)



Not Reported in P.3d, 2006 WL 61935 (Utah App.), 2006 UT App 7
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Appeals of Utah.
Michael L. **PAOLONE**, Petitioner and Appellant,
v.
STATE of Utah, Respondent and Appellee.
No. 20050913-CA.
Jan. 12, 2006.

Second District, Farmington Department, 050700051; The Honorable Rodney S. Page.
Michael L. Paolone, Gunnison, Appellant pro se.

Before Judges DAVIS, MCHUGH, and ORME.

MEMORANDUM DECISION (Not For Official Publication)

PER CURIAM:
*1 Michael L. Paolone appeals the dismissal of his petition for post- conviction relief. This matter is before the court on its own motion for summary disposition based upon the lack of a substantial question on appeal. See Utah R.App. P. 10(e). We affirm.
"We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." Rudolph v. Galetka, 2002 UT 7, ¶ 4, 43 P.3d 467. The district court summarily dismissed Paolone's petition for several reasons: (1) Paolone's claims were barred by the applicable statute of limitations; (2) Paolone's claims were not covered by the Post-Conviction Remedies Act; and (3) Paolone's claims have been or could have been adjudicated in his previous three petitions for post-conviction relief. In reviewing the issues contained in Paolone's petition, it is clear that each issue presented either had been or could have been raised in a prior petition for post-conviction relief. [FN1] See Utah Code Ann. § 78-35a-106 (2002).

> FN1. By concluding that Paolone's petition was properly dismissed because each claim either was or could have been raised in a previous petition, there is no need to analyze or discuss the alternative reasons for dismissal articulated by the district court.

Prior to his current petition for post-conviction review, Paolone had filed three previous petitions for post-conviction relief. These petitions have repeatedly raised similar issues regarding ineffectiveness of counsel and the seating of a certain juror. In previously reviewing the claims relating to the juror, the district court determined that the juror at issue was properly a member of the jury and was not biased. The district court has also repeatedly denied Paolone's request for relief based upon alleged ineffectiveness of counsel. Accordingly, we conclude that Paolone's claims of ineffectiveness of counsel and the claims relating to the seating of the juror are barred because they were raised or could have been raised in previous petitions. See Hutchings v. State, 2003 UT 52, ¶ 21, 84 P.3d 1150 (affirming dismissal of claims that were or could have been raised in previous proceedings).
To the extent Paolone argues that he has new evidence regarding the seating of the juror, such evidence was merely cumulative and was immaterial based on the previous decisions of the district court concluding that the juror was properly seated. See Utah Code Ann. § 78-35a-104(e)(ii) (2002) (stating "newly discovered evidence" cannot be merely cumulative).
Paolone also argues that there were improper conversations between the juror and the judge immediately prior to his trial. However, there exists no evidence whatsoever in the record to support those claims. As such, the claims are speculative and there is no new evidence to support the claims. The claims were properly dismissed.
Finally, Paolone has failed to show good cause as to why the specific issues raised in this petition were not raised in one of his previous three petitions for post-conviction relief that set forth variations on these same issues. See Rudolph v. Galetka, 2002 UT 7 at ¶ 4 (recognizing that petitioner may file

successive petitions if good cause exists). Accordingly, the district court properly dismissed Paolone's petition for post-conviction relief.

**\*2** Affirmed.

Utah App.,2006.

**Paolone** v. State

Not Reported in P.3d, 2006 WL 61935 (Utah App.), 2006 UT App 7

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in P.3d                                                                                Page 1

Not Reported in P.3d, 1999 WL 33244772 (Utah App.), 1999 UT App 339

**(Cite as: 1999 WL 33244772 (Utah App.))**

**H**
UNPUBLISHED OPINION.   CHECK   COURT
RULES BEFORE CITING.


Court of Appeals of Utah.
Michael L. **PAOLONE,** Petitioner and Appellant,
v.
STATE of Utah, Respondent and Appellee.
**No. 981441-CA.**


Nov. 16, 1999.
Michael L. Paolone, Draper, pro se.

Jan Graham, Norman E. Plate, and Scott Keith
Wilson, Salt Lake City, for appellee.

Before WILKINS, BILLINGS, and ORME, JJ.

MEMORANDUM DECISION (Not for Official
Publication)

WILKINS.

*1 Petitioner Michael L. Paolone appeals the trial
court's dismissal of his petition for post-conviction
relief with prejudice. We affirm.

On appeal from a dismissal of a petition for
post-conviction relief with prejudice, we will set
aside the trial court's findings of fact only if they are
clearly erroneous, and we review its conclusions of
law for correctness. *See Matthews v. Galetka,* 958
P.2d 949, 950 (Utah Ct.App.1998). Furthermore, " '
"we survey the record in the light most favorable to
the findings and judgment; and we will not reverse
if there is a reasonable basis therein to support the
trial court's refusal to be convinced that the writ
should be granted." ' " *Id.* (quoting *York v. Shulsen,*
875 P.2d 590, 593 (Utah Ct.App.1994) (additional
citations omitted).

In this case, our review of Paolone's claims of error

is limited because he has failed to include in the
record a transcript of the evidentiary hearing upon
which the trial court based its findings of fact,
conclusions of law, and order. Rule 11 of the Utah
Rules of Appellate Procedure provides, "[i]f the
appellant intends to urge on appeal that a finding or
conclusion is unsupported by or is contrary to the
evidence, the appellant shall include in the record a
transcript of all evidence relevant to such finding or
conclusion." Utah R.App.P. 11(e)(2). Since Paolone
failed to provide this court with the transcript
required, we presume that the judgment was
supported by competent and sufficient evidence.
*See State v. Penman,* 964 P.2d 1157, 1162 (Utah
Ct.App.1998). " 'Therefore, our review is strictly
limited to whether the trial court's findings of fact
support its conclusions of law and judgment .' "
*State v. Byrns,* 911 P.2d 981, 988 (Utah
Ct.App.1995) (quoting *Sampson v. Richins,* 770
P.2d 998, 1002 (Utah Ct.App.1989)).

Turning to Paolone's specific claims, we conclude
they are without merit. First, Paolone argues the
trial court erred in finding that he withdrew the
appeal of his conviction of forcible sexual abuse.
However, the trial court specifically found that
Paolone "acknowledged that he wanted to withdraw
his previously filed letter" seeking an appeal of his
conviction of forcible sexual abuse. Although the
trial court stated that there was conflicting evidence
on this issue, it found counsel's testimony "more
credible" than Paolone's. Because Paolone has not
provided us with the transcript of all relevant
evidence bearing on this issue, we must presume the
propriety of this finding. *See Byrns,* 911 P.2d at 987.

Second, Paolone asserts he was not given adequate
notice that the trial court would rule on his
ineffective assistance of counsel claim at the
evidentiary hearing. However, the record before us
contains a minute entry stating that Paolone was
advised more than two months in advance that his
claim of ineffective assistance of counsel would be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in P.3d                                                                 Page 2

Not Reported in P.3d, 1999 WL 33244772 (Utah App.), 1999 UT App 339

**(Cite as: 1999 WL 33244772 (Utah App.))**

examined at the evidentiary hearing. Because Paolone has offered no record of evidence to the contrary, we reject this argument. *See W. & G. Co. v. Redevelopment Agency*, 802 P.2d 755, 761 (Utah Ct.App.1990) (stating notice is sufficient if party is informed of specific issue being considered by the court). Paolone also argues that because he sent a letter to the trial court requesting an appeal of his conviction of forcible sexual abuse, his trial counsel rendered ineffective assistance by failing to file an appeal on his behalf. As previously stated, the trial court found that Paolone specifically acknowledged at his plea hearing that he wanted to withdraw the letter seeking an appeal. This finding, which we must presume is correct, clearly supports the trial court's conclusion that Paolone's trial counsel was not ineffective by failing to file an appeal on Paolone's behalf.

*2 Finally, Paolone contends the findings of fact and conclusions of law set forth in the trial court's order do not accurately reflect what occurred at the evidentiary hearing. Because Paolone has not provided us with the transcript from the hearing, we are unable to fully review the adequacy of the trial court's findings. The record before us does contain an extensive minute entry detailing the findings of fact and conclusions of law as announced by the trial court. These findings and conclusions are consistent with those contained in the trial court's order.

Affirmed.

BILLINGS and ORME, JJ., concur.

Not Reported in P.3d, 1999 WL 33244772 (Utah App.), 1999 UT App 339

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.