

U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

Suite 1553, Federal Office Building
100 West Capitol Street
Jackson, Mississippi 39269-1601
December 29, 2004

Mr. Michael L. Paolone
Inmate Number 25408
Inmate Housing UINTA 2 - 104B
Utah State Prison
P. O. Box 250
Draper, Utah 84020-0250

Dear Mr. Paolone:

    Reference is made to your most recent letter to me, dated December 22, 2004, requesting me to serve as a credible source of information about information contained in Federal Bureau of Investigation (FBI) official records.

    Also enclosed is a copy of my last letter to you, dated September 20, 2004, which was returned to this office as undeliverable. It was addressed to you at the Severe County Jail, the address you provided me.

    I am not sure where this imaginative quest of yours is leading, but you seem to disregard the fact that you have made a number of inconsistent allegations against an FBI Agent, all of which proved unfounded. Now, you are apparently grasping at a shred of information that I told your father in a telephone call.

    You seem to have conveniently discarded your previous assertions that you are entitled to a new trial because an FBI Agent should never have served on your jury, as he knew you and was biased against you. The fact is, the FBI Agent did not know you before he served on the jury.

    You also asserted that this same FBI Agent had a grudge against you and that he previously investigated you, both as an FBI Agent and as a police officer in Ohio. The fact is, this FBI Agent has never investigated you nor was he ever a police officer in Ohio.

    The allegations you made against this FBI Agent were properly investigated by the FBI and determined to be unfounded and without merit.

05 2300



FILED
NOV 29 2005
NANCY MAYER WHITTINGTON, CLERK

Attachment #1

You now come forward again and ask me to confirm a statement I made to your father, that the facts of the investigation determined that the FBI Agent was not originally called for jury duty, but was in the courtroom for the sole purpose of having his wife, who was called, excused from jury duty. The judge, in excusing the FBI Agent's wife, required the FBI Agent to take her place in the jury pool instead.

I confirm by this writing that I made that statement to your father.

As I stated in my last letter to you, I do not understand the issue you are trying to raise. It is my understanding that the FBI Agent was seated in the jury pool at the beginning of the jury selection *voir dire* process, and that your lawyer not only did not exercise a peremptory challenge to exclude him, but admitted later that he deliberately included him on the jury. Your lawyer referred to the Agent in open court and stated that he purposely selected him because he wanted a member of the jury who was knowledgeable about criminal law. That was a conscious decision reached by your legal counsel, based on his judgment of the facts and circumstances of your case. It may have been a risk, but it was at least a calculated risk intended to assist you in your defense.

That being the case, it appears to me that so long as the Court determined that all members of the jury were disinterested and impartial, and you were represented by competent counsel, the fact that one member of the jury was a professional law enforcement officer would not necessarily have any ramification on your conviction.

Sincerely yours,

Robert J. Garrity, Jr.
Special Agent in Charge

2