

C    ◀ **Previous Section**  **U.C.A. 1953 § 78-46-12**  **Next Section** ▶
§ 78-46-12. Qualified jury list--Term of · · ·
Approx. 2 pages



U.C.A. 1953 § 78-46-12

West's Utah Code Annotated Currentness
  Title 78. Judicial Code
    Part V. Jurors and Witnesses
      Chapter 46. Jury and Witness Act (Refs & Annos)
        ➡ § 78-46-12. Qualified jury list--Term of availability--Juror qualification form--Content--Joint jury list for court authorized

(1) Prospective jurors shall be selected at random from the master jury list and, if qualified, placed on the qualified jury list. A prospective juror shall remain on the qualified jury list for no longer than six months or for such shorter period established by rule of the Judicial Council. The qualified jury list may be used by all courts within the county, but no person shall be summoned to serve as a juror in more than one court.

(2) The Judicial Council shall by rule govern the process for the qualification of jurors and the selection of qualified jurors for voir dire.

(3) The state court administrator shall develop a standard form for the qualification of jurors. The form shall include:

  (a) the name, address, and daytime telephone number of the prospective juror;
  (b) questions suitable for determining whether the prospective juror is competent under statute to serve as a juror; and
  (c) the person's declaration that the responses to questions on the qualification form are true to the best of the person's knowledge.

Laws 1979, c. 130, § 1; Laws 1989, c. 153, § 24; Laws 1992, c. 219, § 16; Laws 2001, c. 308, § 3, eff. April 30, 2001; Laws 2003, c. 194, § 3, eff. July 1, 2003.

HISTORICAL AND STATUTORY NOTES

Laws 2003, c. 194, deleted former subsecs. (4) and (5) that formerly provided:

"(4) Any prospective juror who fails to return a completed form as instructed shall be directed by the court to appear before the clerk to complete the form. A person who fails to appear is subject to the procedures and penalties in Section 78-46-20.

"(5) Any person who willfully misrepresents a material fact on a juror qualification form for the purpose of avoiding or securing service as a juror is guilty of a class C misdemeanor."

LIBRARY REFERENCES

  Grand Jury ⇔9.
  Jury ⇔60, 76.
  Westlaw Key Number Searches: 230k60; 230k76; 193k9.
  C.J.S. Juries §§ 271, 305 to 308, 310, 340, 352, 511.

RESEARCH REFERENCES

Treatises and Practice Aids

Trial Handbook for Utah Lawyers § 5:1, Summoning jurors.

NOTES OF DECISIONS

In general 1
Delegation of duties 2
Jury questionnaire forms 3

1. In general

Geographical distribution and socioeconomic status are not distinctive classifications or groups for Sixth Amendment fair cross section purposes. U.S.C.A. Const.Amend. 6. State v. Young, 1993, 853 P.2d 327. Jury ⇔ 33(1.10)

Fact that none of 77 venirepersons chosen for defendant's trial were Hispanic did not show that Hispanics were excluded from jury selection process. State v. Young, 1993, 853 P.2d 327. Jury ⇔ 33 (1.10)

Constitution does not require that each petit jury chosen contain the requisite percentage of minority members in order to meet the fair cross section requirement. U.S.C.A. Const.Amend. 6. State v. Young, 1993, 853 P.2d 327. Jury ⇔ 33(1.10); Jury ⇔ 33(1.15)

Compilation of master list from voter registration and driver's license records, with that list designated as the master jury wheel, did not violate the Jury Selection and Service Act. U.C.A.1953, 78-46-1 to 78-46-22. State v. Young, 1993, 853 P.2d 327. Jury ⇔ 62(3)

Definition of "jury wheel" includes electronic system or database, and Jury Service and Selection Act does not require that there be hard copy of the master list. U.C.A.1953, 78-46-1 to 78-46-22. State v. Young, 1993, 853 P.2d 327. Jury ⇔ 63; Jury ⇔ 65

System under which computer in court clerk's office listed all names for potential jurors for each month, with notation by jurors' names indicating whether they were qualified, but not containing separate list of qualified jurors for each month, was not substantial violation of Jury Selection and Service Act. U.C.A.1953, 78-46-1 to 78-46-22. State v. Young, 1993, 853 P.2d 327. Jury ⇔ 62(3)

Defendant's Sixth Amendment challenge to jury selection process, alleging violation of fair cross section guarantee, does not focus on issue of discrimination and defendant is not required to show bad faith, and thus, prima facie showing of systematic exclusion of distinctive group may not be rebutted by proof of nondiscriminatory intent. U.C.A.1953, 77-35-18(c), 78-46-1 et seq., 78-46-2, 78-46-3, 78-46-4(6), 78-46-8(2), 78-46-11(1-3), 78-46-12(2, 3, 8), 78-46-13(1, 2), 78-46-15, 78-46-16, 78- 46-16(3); U.S.C.A. Const.Amends. 6, 14; 28 U.S.C.A. §§ 1867, 1867(e). State v. Tillman, 1987, 750 P.2d 546, denial of habeas corpus affirmed 855 P.2d 211, certiorari denied 114 S.Ct. 706, 510 U.S. 1050, 126 L.Ed.2d 671, habeas corpus denied 25 F.Supp.2d 1245, affirmed 215 F.3d 1116, certiorari denied 121 S.Ct. 664, 531 U.S. 1055, 148 L.Ed.2d 566. Jury ⇔ 120

Raw data relied on by defendant to establish percentage of Hispanics called to sit on petit jury panels was too unreliable to sustain defendant's burden of making prima facie showing that use of voter registration list as exclusive source of selecting potential jurors led to systematic underrepresentation of Hispanics on jury panels, in violation of fair cross section guarantee of Sixth Amendment; defendant's statistics were obtained after law clerk "viewed" list of names of prospective jurors on each panel and, based upon "common sense," wrote down name of every panel member with "Spanish-sounding name," and Hispanic attorney thereafter went over list and allegedly made some corrections. U.C.A.1953, 77-35-18(c), 78-46-1 et seq., 78-46-2, 78-46-3, 78-46-4(6), 78-46-8(2), 78-46-11(1-3), 78-46-12(2, 3, 8), 78-46-13(1, 2), 78-46-15, 78-46-16, 78-46-16(3); U.S.C.A. Const.Amends. 6, 14; 28 U.S.C.A. §§ 1867, 1867(e). State v. Tillman, 1987, 750 P.2d 546, denial of habeas corpus affirmed 855 P.2d 211, certiorari denied 114 S.Ct. 706, 510 U.S. 1050, 126 L.Ed.2d 671, habeas corpus denied 25 F.Supp.2d 1245, affirmed 215 F.3d 1116, certiorari denied 121 S.Ct. 664, 531 U.S. 1055, 148 L.Ed.2d 566. Jury ⇔ 120

2. Delegation of duties

Clerk's action in removing from source lists, before compiling them into master list, those persons who are on active military duty or deceased, who have moved out of the county, or who are under 18 years of age did not prejudice defendant, as Jury Service and Selection Act disqualified those persons from jury service. U.C.A.1953, 78-46-1 to 78-46-22. State v. Young, 1993, 853 P.2d 327. Jury ⇐ 33 (1.10); Jury ⇐ 62(3)

Court substantially complied with requirements of Jury Selection and Service Act by reserving for itself the responsibility of determining all disqualifications for physical or mental health reasons and all disqualifications requiring exercise of discretion, while delegating to the clerk by administrative order the task of disqualifying persons according to statutory requirements. U.C.A.1953, 78-46-1 to 78-46-22. State v. Young, 1993, 853 P.2d 327. Jury ⇐ 62(3); Jury ⇐ 75(4)

Court's practice of allowing jury clerk to grant postponements to prospective jurors with difficulty or hardships substantially complied with Jury Selection and Service Act; court may reasonably delegate authority to grant postponements to clerk, who has more direct contact with potential jurors. U.C.A.1953, 78-46-1 to 78-46-22. State v. Young, 1993, 853 P.2d 327. Jury ⇐ 75(4)

3. Jury questionnaire forms

Court's authorization to clerk to abandon further location efforts for persons with undeliverable jury questionnaire forms, a decision based on efficiency and cost effectiveness, was reasonable and not in substantial violation of Jury Selection and Service Act. U.C.A.1953, 78-46-1 to 78-46-22. State v. Young, 1993, 853 P.2d 327. Jury ⇐ 62(3)

Clerk took sufficient steps to follow up on persons who did not return jury questionnaire forms by sending reminder notices to those persons and then referring to the presiding judge for further proceedings those who still failed to respond. U.C.A.1953, 78-46-1 to 78-46-22. State v. Young, 1993, 853 P.2d 327. Jury ⇐ 62(3)

U.C.A. 1953 § 78-46-12, UT ST § 78-46-12

Current through end of 2005 Second Special Session
Copr © 2006 Thomson/West

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Tools