### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**MICHAEL LOUIS PAOLONE,**

     **Plaintiff,**

        **v.**                          **Civil Action No.  05-2300 (JDB)**

**ROBERT MUELLER, et al.,**

     **Defendants.**

### MEMORANDUM OPINION

_____Plaintiff, proceeding *pro se,* brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Robert Mueller, Director, Federal Bureau of Investigation ("FBI"), Timothy Healy, a Special Agent of the FBI, and unknown agents of the FBI's Office of Professional Responsibility ("OPR").  Defendants move for dismissal of the complaint for lack of subject matter jurisdiction, insufficiency of process, and failure to state a claim upon which relief can be granted.  In the alternative, defendants move to transfer the case to the District of Utah.  Because defendants have not been properly served and are entitled to immunity from plaintiff's claims, the case will be dismissed.

### I. BACKGROUND

Plaintiff is an inmate at the Central Utah Correctional Facility in Gunnison, Utah. He was convicted by a jury verdict in the Second Judicial District Court of Davis County, Utah. Complaint ("Compl.") ¶ 8.  Plaintiff alleges that during jury selection defendant Healy appeared in the courtroom for the purpose of excusing his wife from jury duty.  *Id.* ¶ 15.  The judge excused

Special Agent Healy's wife and instead placed Healy in the jury pool. *Id.* Plaintiff alleges that this action was manipulated by Healy and the trial judge without disclosure to plaintiff. *Id.* Special Agent Healy was ultimately selected as the jury foreperson. *Id.* ¶ 9.

Plaintiff claims that at the time of his trial, the FBI field offices in Salt Lake City, Utah and Cleveland, Ohio had investigations pending against him. *Id.* ¶¶ 16, 17. In July 2003, plaintiff was informed by the FBI's Provo, Utah office that Healy's participation in the trial was under investigation, and that plaintiff was requested to appear at FBI Headquarters ("FBIHQ") in Washington, DC for an interview. *Id.* ¶ 10.[1] In response to plaintiff's inquiry, FBIHQ acknowledged that the OPR was investigating the circumstances that led to Healy's placement on the jury. *Id.* ¶ 12. Following its investigation, the OPR concluded that plaintiff's allegations were without merit because Healy was never part of an investigation of plaintiff, Healy's employment as an FBI agent was disclosed in open court, and plaintiff's counsel made a conscious tactical decision not to challenge Healy's presence on the jury. *Id.* ¶ 14 & Attachment 1.

According to plaintiff, he then sent a letter to FBIHQ requesting the OPR file on the investigation for the purpose of pursuing an ineffective assistance of counsel claim. *Id.* ¶ 20. Plaintiff's request was denied. *Id.* He alleges that employees of the OPR and FBI Director Mueller were fully aware of Healy's conduct, but did not disclose that information to plaintiff. *Id.* ¶ 18. As a result of defendants' conduct, plaintiff claims that he was deprived of his constitutional right to a fair trial. *Id.* ¶¶ 25-28.

## II. STANDARD OF REVIEW

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

---

[1] The complaint does not state whether such an interview was ever conducted.

defendants move to dismiss for lack of subject matter jurisdiction and because plaintiff has failed to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C.Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 67 (D.C.Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1218 (2004); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton*, 412 F. Supp. 2d 118, 122 (D.D.C. 2006) (citation and quotation omitted).

———

### III. DISCUSSION

*Insufficiency of Process*

Plaintiff filed this action on November 29, 2005. Because he is proceeding *in forma*

*pauperis*, service of process was performed by the United States Marshal. *See* 28 U.S.C.

§ 1915(d). The United States Attorney for the District of Columbia and the Attorney General of

the United States were properly served a copy of the summons and complaint. The summons for

defendant Mueller was served on the Assistant General Counsel at FBIHQ. Service on defendant

Healy was unsuccessful due to an insufficient address.

The complaint does not include the personal addresses of the defendants. Pursuant to

LCvR 5.1(e), the Court ordered plaintiff to file the addresses to enable the United States Marshal

to effect service. Plaintiff was advised that failure to do so could result in dismissal of the case.

In response to the order, plaintiff stated that the only address for defendants that he knew of was

FBIHQ in Washington, D.C. Having been unable to obtain defendants' residential addresses for

the purpose of effecting service, plaintiff filed a motion for an order from the Court requiring that

defendants provide their addresses to the Clerk of the Court.

The party on whose behalf service is made has the burden of establishing its validity and

must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of

Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir. 1987). A district court has no duty to

assist a plaintiff in locating a defendant's address for the purpose of service of process. *Barmes v.

Nolan*, 123 Fed. Appx. 238, 249 (7th Cir. 2005). Even a *pro se* litigant must comply with the

Federal Rules of Civil Procedure. *Clariett v. Rice*, No. 04-2250, 2005 WL 3211694, at *4

(D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

To properly serve a federal government employee in an official or individual capacity, a

party is required to deliver a copy of the summons and complaint to (1) the officer or employee;

(2) the United States Attorney for the district in which the action is brought; and (3) the Attorney

General of the United States in Washington, D.C.  Fed. R. Civ. P. 4(i)(1).  In addition to these

requirements, if a federal employee is sued in his individual capacity, a copy of the summons and

complaint must be delivered to the defendant personally or left at his "dwelling house or usual

place of abode."  Fed. R. Civ. P. 4(e) & 4(i)(2)(B).   In a *Bivens* action, the defendants must be

personally served as individuals in order for a court to have jurisdiction over them.  *Simpkins v.

Dist. of Columbia Gov't*, 108 F.3d 366, 369 (D.C.Cir. 1997).  The failure to effect individual

service is fatal to a *Bivens* claim.  *Freeman v. Fallin*, 210 F.R.D. 255, 256 (D.D.C. 2002); *Pollack

v. Meese*, 737 F.Supp. 663, 666 (D.D.C. 1990).  Here, it is undisputed that defendants Healy and

Mueller have not been properly served under Rule 4(e).

Plaintiff also has not complied with the time limits of Rule 4(m) of the Federal Rules of

Civil Procedure.  That rule provides that the summons and complaint must be served on a

defendant within 120 days after the filing of the complaint or the court "shall dismiss the action

without prejudice" as to that defendant.  Fed. R. Civ. P. 4(m).  However, courts "shall extend the

time for an appropriate period" if the plaintiff shows "good cause" for failure to effect timely

service.  *Id.*  The plaintiff bears the burden of showing good cause.  *Byrd v. Dist. of Columbia*,

230 F.R.D. 56, 59 (D.D.C. 2005); *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004).

More than 120 days have passed since the complaint was filed.  Plaintiff has failed to

demonstrate good cause for his failure to effect service in a timely manner.  Ignorance of the rules

of procedure does not constitute good cause.  *Whitehead*, 221 F.R.D. at 3.  Moreover, if any

extension were to be granted by this Court, it is unlikely that plaintiff could remedy the defect in

the service on defendants.  Although *pro se* litigants are given more latitude than represented

parties to correct defects in service of process, *see Moore v. Agency for Int'l Dev.*, 994 F.2d 874,

875 (D.C.Cir. 1993), plaintiff has unsuccessfully sought the residential addresses of defendants for over eight months. Additional time will not assist plaintiff. Therefore, the claims against defendants Healy and Mueller are subject to dismissal without prejudice pursuant to Rules 4(e) and 4(m).[2]

Under the "usual practice" in federal district court, a finding that service has not been properly effected would end the matter. *Simpkins*, 108 F.3d at 370. However, in a *Bivens* action, courts have the duty to dispose of insubstantial claims expeditiously. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). "Dismissing a meritless *Bivens* suit for insufficiency of service of process ... merely postpones the inevitable." *Simpkins*, 108 F.3d at 370. Therefore, the Court will address the merits of plaintiff's claim. *See Thomas v. Dep't of Defense*, No. 03-2483, 2006 WL 1890009, at *6 n.10 (D.D.C. July 7, 2006) (addressing merits of *Bivens* claim before considering transfer based on improper venue); *Weaks v. FBI-MPD Safe Streets Task Force*, No. 05-595, 2006 WL 212141, at *1 n.3 (D.D.C. Jan. 27, 2006) (evaluating *Bivens* action where service of process insufficient).

*Official Capacity Liability*

Plaintiff has asserted his claims against defendants Mueller and Healy in their official and individual capacities. In *Bivens*, the Supreme Court recognized an action for money damages against a federal officer in his individual capacity who abused his constitutional authority. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Thompson v. Pope*, 397 F. Supp. 2d 28, 32

---

[2] The Court did not issue summonses against the unidentified FBI employees in the OPR. Such "John Doe" defendants cannot be effectively served in their individual capacities in order to confer jurisdiction over them in this Court. *Olaniyi v. Dist. of Columbia*, 416 F. Supp. 2d 43, 50 (D.D.C. 2006); *M.K. v. Tenet*, 99 F. Supp. 2d 12, 17 (D.D.C. 2000).

-6-

(D.D.C. 2005).  The purpose of *Bivens* is to deter federal officers from committing violations of an individual's constitutional rights.  *Malesko*, 534 U.S. at 70; *see also FDIC v. Meyer*, 510 U.S. 471, 485 (1994).

Bivens "implied a cause of action against federal officials ... *because* a direct action against the Government was not available."  *Id.* at 485.  Government officials sued in their official capacities are not personally liable for damages.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985);  *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C.Cir. 1996).  A suit for damages against government employees in their official capacities is the equivalent of an action against the government entity itself, *id.,* and the claims are barred because any monetary recovery will come from the government's treasury. *Vakassian v. Washington Metro. Transit Auth.*, No. 05-741, 2005 WL 3434794, at *4 (D.D.C. Dec. 14, 2005); *see also Gabriel v. Corrs. Corp. of America*, 211 F. Supp. 2d 132, 137 n.7 (D.D.C. 2002).  Thus, the claims against the defendants in their official capacities will be dismissed.

*Qualified Immunity*

Defendants Mueller and Healy move to dismiss the claims against them in their individual capacities based on qualified immunity.  "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages" if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In deciding whether the plaintiff's allegations are sufficient to defeat a qualified immunity defense, the Court must determine (1) whether a constitutional right would have been violated on the facts alleged; and (2) assuming the violation is established, whether the right was clearly established.  *Saucier v. Katz*, 533 U.S. 194,

200 (2001).  "[T]he initial, and ultimately dispositive, inquiry is whether the facts alleged by plaintiff show that the ... [defendants'] conduct violated a constitutional right." *Maye v. Reno*, 231 F. Supp. 2d 332, 337 (D.D.C. 2002).

Plaintiff's constitutional claim is that defendant Healy violated his right to a fair and impartial trial by sitting as a member of the jury.  The Sixth Amendment right to a jury trial "guarantees to the criminally accused a fair trial by a panel of impartial 'indifferent jurors' ...." *United States v. Edmond*, 52 F.3d 1080, 1094 (D.C.Cir. 1995)(per curiam)(quoting *Irvin v. Dowd*, 366 U.S. 717, 722 (1961)).  A criminal defendant has the right to jurors who are capable of setting aside their personal opinions and judging the merits of the case solely on the evidence presented in court.  *United States v. Orenuga*, 430 F.3d 1158, 1162 (D.C.Cir. 2005).  *Voir dire* "plays a critical function" in assuring that the defendant's Sixth Amendment right is protected by screening out jurors who are incapable of being impartial.  *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981); *Edmond*, 52 F.3d at 1094.

Plaintiff contends that Agent Healy's mere presence on the jury violated plaintiff's right to a fair trial.  This argument is premised on the notion that a law enforcement official can never be a member of a jury in a criminal case.  The law is to the contrary.  *See, e.g., Smith v. Phillips*, 455 U.S. 209, 212, 215 (1982) (juror pursuing law enforcement career not presumptively disqualified); *United States v. Brown*, 26 F.3d 1124, 1126 (D.C.Cir. 1994) (law enforcement official in police assault case need not be struck from jury); *Tinsley v. Borg*, 895 F.2d 520, 529 (9th Cir. 1990) (juror bias cannot be presumed based on juror's law enforcement employment).  In fact, our Court of Appeals has noted that there is no authority supporting the proposition urged by plaintiff here.  *See Brown*, 26 F.3d at 1126.

Plaintiff's claim that by sitting on the jury Agent Healy violated a constitutional right has been repeatedly rejected by the Utah courts. *See Paolone v. State*, No. 20050913, 2006 WL 61935, at *1 (Utah App. Jan. 12, 2006). In reviewing plaintiff's petitions for post-conviction relief, the Utah state courts have held that Healy was properly a member of the jury, that he was not biased against plaintiff, and that there was no evidence of collusion between the trial judge and Healy. *Id.* For the purpose of evaluating a qualified immunity claim, therefore, plaintiff has failed to allege facts sufficient to state a violation of his constitutional rights.

But even if plaintiff had alleged sufficient facts to support a constitutional claim, in order to defeat a qualified immunity defense the constitutional right must be clearly established, i.e., it must be "clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Saucier*, 533 U.S. at 202. "The contours of the right" must be sufficiently clear so that a reasonable official understands that his conduct violated an individual's rights. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Court should dismiss a claim against an individual official where he was not on notice that his conduct was unlawful. *Briscoe v. Potter*, 355 F. Supp. 2d 30, 47 (D.D.C. 2004).

The determination of whether an individual will be selected as a juror is accomplished through voir dire, counsels' challenges for cause, and counsels' exercise of peremptory challenges. The process is not controlled by a member of the jury pool, but is a matter of discretion for the trial judge. *See Rosales-Lopez*, 451 U.S. at 189-90. As long as Agent Healy truthfully answered the questions put to him by the trial judge and counsel -- and the complaint does not allege otherwise -- his presence on the jury is not a situation that a reasonable person would consider to be a constitutional violation. The Court concludes that Agent Healy is

therefore entitled to immunity because there was no violation of a clearly established constitutional right. Plaintiff's claim against him will be dismissed.

Plaintiff's allegations against defendant Mueller involve actions following plaintiff's trial. He claims that Mueller knew that Healy had served on the jury and that Mueller did not subsequently inform plaintiff of this fact. Plaintiff also alleges that Mueller wrongfully denied him access to the OPR investigative file concerning Healy. For the same underlying reasons as Agent Healy, however, Mueller is entitled to qualified immunity. Plaintiff also has not alleged, as is required in a *Bivens* action, that Mueller was personally involved in Healy's alleged unconstitutional conduct at plaintiff's criminal trial. *See Simpkins*, 108 F.3d at 369. Moreover, there is no feasible violation of a clearly established constitutional right based on an alleged failure to inform plaintiff of Healy's service on the jury or to provide plaintiff access to a file.

*Collateral Estoppel*

As noted above, plaintiff has unsuccessfully pursued habeas relief in Utah state court based on the issue raised in the present action. In fact, plaintiff has filed five petitions for post-conviction relief, and the courts have consistently ruled that his claim is without merit. *See* Defts' Mot., Ex. A.[3]

Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment in a case, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the earlier case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *GAF Corp. v. United States*, 818 F.2d 901, 911 (D.C.Cir. 1987); *Elliott v. FDIC*, 305

---

[3] This exhibit is a copy of plaintiff's pending habeas petition in the United States District Court for the District of Utah. The petition raises the same constitutional claim as this case.

-10-

F. Supp. 2d 79, 83-84 (D.D.C. 2004).  In order for collateral estoppel to apply, (1) the issue must have actually been litigated, i.e., contested by the parties and determined by the court; (2) the issue must have been necessary to the court's disposition of the case; and (3) the relitigation bar in the second action must not create an unfairness against the party as to whom the issue preclusion would be imposed. *United States v. TDC Mgmt. Corp.*, 24 F.3d 292, 295 (D.C.Cir. 1994); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 57 (D.D.C. 2004).

Plaintiff's claim is foreclosed by his previous litigation of the issue.  A *Bivens* action may be barred by the doctrine of collateral estoppel when a plaintiff seeks to raise an issue rejected in a previous criminal proceeding or habeas action.  *Maietta v. Artuz*, 84 F.3d 100, 102 n.3 (2nd Cir. 1996); *Vennes v. An Unknown Number of Unidentified Agents of the United States*, 26 F.3d 1448, 1453 (8th Cir. 1994); *Wade v. Harper*, 993 F.2d 1246, 1252 (7th Cir. 1993); *Hawkins v. Risley*, 984 F.2d 321, 325 (9th Cir. 1993); *Weaks*, 2006 WL 212141, at *4; *Evanston v. United States*, 878 F.Supp. 1, 3 (D.D.C. 1995); *see also Allen*, 449 U.S. at 105 (applying collateral estoppel to 42 U.S.C. § 1983 action based on factual claims litigated in earlier criminal trial).  The doctrine of collateral estoppel applies here.  Having litigated the issue of defendant Healy's participation as a juror on several prior occasions, plaintiff is not permitted to relitigate his constitutional claim yet again here.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, to transfer,

will be granted.  The case will be dismissed.  A separate order accompanies this Memorandum

Opinion._____

_____/s/_____
                                                                         JOHN D. BATES
                                                                  United States District Judge

DATE: August 9, 2006